LEWIS L. FOSDICK et al., Executors, etc., Appellants, *v.* THE Town OF HEMPSTEAD, Impleaded, etc., Respondent.

A motion for a reargument must be founded on papers, showing that some question decisive of the case and duly submitted by counsel has been overlooked by the court, or that the decision is in conflict with the statute, or a controlling decision to which the attention of the court was not drawn through the neglect or inadvertence of counsel.

(Submitted April 13, 1891; decided April 21, 1891.)

MOTION for a reargument.
The case is reported in 125 N. Y. 581.
The following is the opinion in full:
" This is a motion for a reargument, and the moving papers do not show a single ground recognized by this court as a

proper foundation for the motion. The learned counsel for the defendant argued orally every proposition in the case with zeal and ability. The court has decided against him, not on account of his failure to properly present his views for the defendant, but because after mature and careful deliberation it has differed with the learned counsel in his contention as to the proper construction of the will.

" Many years ago the court announced the rule which should govern in this class of motions.

" In *Mount* v. *Mitchell* (32 N. Y. 702) it was stated that a motion for reargument should be founded on papers showing that some question decisive of the case and duly submitted by counsel has been overlooked by the court, or that the decision is in conflict with the statute or a controlling decision to which the attention of the court was not drawn through the neglect or inadvertence of counsel.

" In *Marine Nat. Bank* v. *Nat. City Bank* (59 N. Y. 67 at 73), the same rule was again alluded to and announcement again made that the court would adhere to it, and that motions for a reargument would not be entertained unless counsel brought the case within the rule.

" Judging by the character of the papers upon which motions of this nature are now frequently made, we should assume that the profession has lost sight of the rule, for in most of the cases which have lately come under our notice, there has been an entire failure to comply with its requirements, and the motion has been made simply because the unsuccessful counsel has thought that he would like to again argue the very questions he had already submitted to, and which had been expressly decided by the court.

" While it is very possible that we err in many cases, yet the rule adopted in regard to rearguments is a proper one, considering the fact that there must be at some point an end of litigation, and after counsel has had his day in this court and has been unsuccessful in his case, it is but fair to the court and to other litigants who are pressing to be heard, that a case should be made such as the court has decided to be necessary before entertaining the question of the propriety of granting a reargument.

" In the case now before us the point upon which we decided it was, in fact, discussed in the opinion at the General Term, and the learned judge said that the testator meant by the word *poor*, those persons only who formed a class defined by law and which class was limited to those poor persons that the town was compelled by law to support. The counsel for the appellant in this court argued the point at some length, and the brief of the counsel for the respondent is quite full upon the same point. This court, in its opinion, has discussed the question and it has been decided. The counsel now asks for a reargument simply because he desires to present further views upon the same question which has been already, and after full argument, carefully considered and decided by us. It is a mistake for counsel to assume that any particular portion of his argument, which has not been the subject of express reference in the opinion, has been overlooked. It is scarcely possible within the bounds of an ordinary opinion to meet and answer every argument which has been made by counsel orally or which may be in his brief. Many of the reasons now prominently set forth by counsel to strengthen his contention as to the meaning of the word *poor* in the will of the testator were the subject of our consultation, but in the result arrived at it was not thought necessary that each should be referred to and the answers given which we thought sufficient.

" We see no reason for altering our view of the meaning of the word *poor*, as used by the testator, if we should come to a consideration of the question *de novo*. But we think that the attention of counsel should be called again to our rule on the subject of motions for a reargument, and that as this motion is not founded upon any ground recognized by this court as sufficient to warrant our entertaining it, the motion should, for that reason, be denied, with costs."

*Edward E. Sprague* and *James S. Allen* for motion.

*J. T. Marean* opposed.

PECKHAM, J., reads for denial of motion. .
All concur.
Motion denied.