WELSH *v.* NEW YORK EL. R. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* November 4, 1891.)

APPEAL—REARGUMENT—WHEN ALLOWED.

Where, on appeal, in an action against an elevated railway company for injuries to plaintiff's property, the judgment is reversed solely because the court excluded evidence of benefits and disallowed any credit for benefits in assessing damages, the case is not a proper one for allowance of a reargument, to obtain which, under supreme court rule 16, the moving papers must show "clearly that some question decisive of the case * * * has been overlooked by the court, or that the decision is inconsistent with some statute or controlling decision," etc.

Motion for reargument.

The action was brought by Charles Welsh, as surviving executor of George W. Welsh, deceased, against the New York Elevated Railroad Company and the Manhattan Elevated Railway Company for injuries to real estate. Defendants appealed from a judgment for plaintiff entered on a trial by the court without a jury. The judgment was reversed. Plaintiff moved for a reargument. For former opinion, see 12 N. Y. Supp. 545.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*G. Willett Van Nest,* for the motion. *Julien T. Davies* and *Samuel Blythe Rogers,* opposed.

PRYOR, J. We have reserved the decision of this motion in the expectation that the point upon which the reversal of the judgment proceeded would be authoritatively adjudicated by the court of appeals in the disposition of the *Gray Case,* 28 N. E. Rep. 498; but, as the court has determined that case without passing upon the question in controversy, we do not deem it proper to delay still further the decision of the motion. In order to a reargument the moving papers must exhibit "clearly that some question decisive of the case and presented by counsel has been overlooked by the court, or that the decision is inconsistent with some statute, or with a controlling decision, to which the attention of the court was not drawn, through the neglect or inadvertence of counsel." Rule 16; *Fosdick* v. *Town of Hempstead,* 126 N. Y. 651, 27 N. E. Rep. 382. By reference to the opinion on the reversal of the judgment it will be seen that the decision of the court was based exclusively on the ground that the learned trial judge rejected evidence of benefits to the property in litigation, and, in the computation of damages, disallowed any credit for such benefits. Now, upon this point we are not aware that the court overlooked any "question decisive of the case;" and we are equally certain that our decision is not inconsistent with any statute or controlling adjudication to which, through the neglect or inadvertence of counsel, our attention was not drawn. Not otherwise than by the modesty of the learned counsel for the respondent can any defect be imputed to his brief or his argument. Upon his argument in support of the present motion it is quite obvious that his criticisms involve the merits and validity of the reversal, and that, however prevalent they may be with the appellate tribunal, they present no ground for a reargument in this court. Motion denied. All concur.