NETTE *v.* NEW YORK EL. R. Co. *et al.*

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

1. EMINENT DOMAIN—DAMAGES BY ELEVATED ROAD—SETTING OFF BENEFITS.
   In estimating the damages to premises from the maintenance and operation of an elevated railway, the benefits accruing to the premises, and peculiar thereto, should be set off against any inconveniences resulting from the railway to the premises. 20 N. Y Supp. 627, affirmed.

2. SAME—EVIDENCE OF BENEFITS.
   Proximity of an elevated railroad and its station to premises, and the extensive communication with the premises thereby afforded, are evidence of benefits.

3. SAME.
   Though defendant did not ask the court to find that there were any benefits to the premises, yet a claim in the requests to find that allowance should be made for benefits in the estimate of damages implies that, on the evidence, benefits were apparent.

4. SAME—INJUNCTION.
   In an action to enjoin the operation of an elevated railway, the exclusion of evidence of benefits is error, as plaintiff is entitled to an injunction only in case of substantial injury.

Motion for reargument denied.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

PRYOR, J. The decision on appeal was based upon the refusal of the referee to find that "in estimating the damages herein, if any, the benefits accruing to said premises, and peculiar thereto, from the maintenance and operation of said railway, should be set off against any inconveniences resulting from said railway to said premises." Counsel for the motion objects that the case shows no evidence of benefits. We think otherwise. The proximity of the railroad and its stations to the premises, and the extensive communication with the premises thereby afforded and facilitated, in itself is evidence of benefits. *Drucker* v. *Railway Co.,* 106 N. Y. 164, 12 N. E. Rep. 568. In *Flynn* v. *Taylor,* 127 N. Y. 600, 28 N. E. Rep. 418, the court said that the diversion of travel is presumed to cause special damages, "because diversion of trade inevitably follows diversion of travel." The converse of the proposition must be true; namely, that increase of trade inevitably follows increase of travel. At all events, the fact was for the judgment of the referee; but his refusal to consider special benefits necessarily involves the elimination of the fact in his estimate of damages. Other facts in the case might indicate to the referee the probability of benefits. Counsel for the motion urges that "the defendants did not ask the court to find that there were any benefits." But their claim, by the request to find, that the referee should allow for benefits in the estimate of damages, implies that upon the evidence benefits were aparent. Counsel concedes that if there were an exception to the rejection of evidence of benefits it might be fatal to the motion; but obviously of equivalent effect is the exception to the refusal of the referee to consider benefits. The court did not overlook the refusal to find

defendants' thirtieth request. That refusal, however, is of no materiality to the present purpose; since, assuming the converse of the proposition, the referee might have found "a diminution of the fee value in consequence of the railroad" because of the rejection of benefits in his estimate. Again, counsel argues that, even though benefits be allowable, they go only in reduction of damages, and do not affect plaintiff's right to injunctive relief. Seeing that the plaintiff would be entitled to such relief only in the event of substantial injury, (*Gray* v. *Railroad Co.*, 128 N. Y. 500, 28 N. E. Rep. 498,) how can we say that, if the referee had considered benefits, he would not have found the fact of no substantial injury? Counsel adduces considerations affecting the merits of the action; but they are of no relevancy to the present application. Counsel for the motion fails to present a case within rule 16 of this court, and within the general principle regulating the allowance of rearguments. *Fosdick* v. *Town of Hempstead*, 126 N. Y. 651, 27 N. E. Rep. 382; *Mount* v. *Mitchell*, 32 N. Y. 702; *Curley* v. *Tomlinson*, 5 Daly, 283; *Banks* v. *Carter*, 7 Daly, 417; *Welsh* v. *Railroad Co.*, (Com. Pl. N. Y.) 16 N. Y. Supp. 174. We adhere to the opinion that, in the interests of justice, a new trial of the action should be had. Motion denied, with costs. All concur.