Per Curiam.
The appellants upon this motion for a reargument have availed themselves of the opportunity to in fact reargue their whole ease. In their grounds for their application they have stated several reasons why such motion should be granted, but in truth they have failed to show that any reasons exist for a reargument other than the claim that the court has plainly erred in its construction of the contract in question. We might, therefore, deny the motion on the ground that no reason recognized by the court has been shown for granting the same. Fosdick v. Town of Hempstead, 126 N. Y. 651; 37 St. Rep. 170. Appreciating, however, as we do, the extraordinary importance of the case to the parties, and understanding the strength of the plaintiffs’ desire for one more hearing before this court, and also being sensibly alive to the far-reaching results of our decision in its application to other possible suits, we have felt inclined to overlook the failure of the plaintiffs to bring their case within any one of the acknowledged grounds which the court recognizes as sufficient to grant an application of this kind, and we have, therefore, again examined the whole case with the care and deliberation which its importance demands. The appellants have submitted very voluminous briefs upon this application, which we have read with attention and care. The arguments contained in them, however, are nothing more than a reiteration and amplification of those which were addressed to us upon the original argument. It is impossible for us, notwithstanding this re-statement of the plaintiffs’ case, to come to any different conclusion from that already announced by us.
The whole question depends upon what is the true construction of the contract between the city and the plaintiffs, and what is the true meaning of the legislative act under which the contract was entered into and the work performed. After full reflection, we are still of the opinion that the line AAA, mentioned in the case, is a line of limitation beyond and outside of which the measurement for excavation could not under the contract extend. The same reasoning which caused us to arrive at the conclusion that the defendant could not be held liable for the alleged faults in giving, from time to time, mistaken and incorrect lines and levels for excavation, still control us, and we remain of the opinion we have already expressed upon this branch of the case. Retaining the view that our decision as heretofore announced, is correct, we are compelled to deny the motion for a reargument, with $10 costs. All concur, except O’Brien, J., not voting.
Motion denied.