JENNIE. L. CHATTERTON, Appellant, *v.* NELLIE MAR CHATTERTON, Individually and as Executrix, etc., of NATHAN G. CHATTERTON, Deceased, Respondent, Impleaded with Others.

*Reargument — a failure to discuss in the prevailing opinion a question discussed in the dissenting opinion — who cannot take advantage of it.*

The fact that a prevailing opinion of the Appellate Division, delivered on the determination of an appeal from a judgment sustaining a demurrer interposed by one of the defendants in an action, fails to discuss a question relating to the status of another non-demurring defendant, which question was considered in the dissenting opinion of that court, does not show that the question was overlooked; and if it were, the point would not be available to the demurring defendant upon a motion by her for a reargument, or for leave to appeal to the Court of Appeals.

MOTION by the defendant, Nellie Mar Chatterton, individually and as executrix, etc., of Nathan G. Chatterton, deceased, for a reargument of an appeal by the plaintiff, Jennie L. Chatterton, from an interlocutory judgment of the Supreme Court in favor of the defendant, Nellie Mar Chatterton, individually, and as executrix, etc., of Nathan G. Chatterton, deceased, sustaining the said defendant's demurrer to the plaintiff's complaint; or, in the alternative, for leave to appeal to the Court of Appeals, the question to be certified by the Appellate Division.

The opinions written on the appeal are reported in 32 Appellate Division, at page 633.

*Fred E. Ackerman,* for the appellant.

*Safford A. Crummey,* for the respondent.

HATCH, J. :

The motion for a reargument should be denied. The main question for reargument presented by the moving party relates to the failure of the court to discuss the status of the defendant, the Poughkeepsie Savings Bank, in respect of the cause of action set forth in the complaint. If the prevailing opinion were in error upon this point, it would furnish no ground for a reargument. In fact it clearly appeared that the point was considered by the court, as it was referred to in the dissenting opinion of the presiding jus-

tice. It is evident, therefore, that the question was not overlooked, and under the authority of *Mount* v. *Mitchell* (32 N. Y. 702) no ground for a reargument appears in this regard. The omission of the prevailing opinion to discuss this question does not affect it, nor does it show that the point was necessarily overlooked. (*Fosdick* v. *Town of Hempstead*, 126 N. Y. 651.) If it were otherwise the point would not be available to the demurring defendant. The Poughkeepsie Savings Bank does not demur to the complaint, and so far as the demurring defendant is concerned, the complaint states a good cause of action. It was clearly within the power and right of the plaintiff to make all persons claiming or having any interest in the property affected by the action, whether as lienors or otherwise, parties thereto, in order that their rights might be determined, and they have their day in court to assert their claims. The Poughkeepsie Savings Bank acquires its lien by virtue of the power of sale contained in the will which is sought to be made the subject of construction. As we view the case, therefore, its rights in the premises arise out of the transaction which is the subject of the action; and we see no reason why a motion for a reargument should be granted, or why leave to appeal to the Court of Appeals should be given. (*Cromwell* v. *Clement*, 89 Hun, 603.)

The motion should be denied.

All concurred.

Motion for reargument or for leave to appeal to the Court of Appeals denied.