### CHATTERTON v. CHATTERTON et al.

(Supreme Court, Appellate Division, Second Department. November 29, 1898.)

1. REARGUMENT—WHEN ALLOWED.

The failure of the supreme court in an opinion to discuss an alleged decisive question duly submitted by counsel, where such question was referred to in the dissenting opinion, does not show that the court overlooked the question, so as to warrant the granting of a motion for a reargument.

2. APPEALS.

Permission to appeal to the court of appeals will be denied, where no reason for granting it is stated in the affidavit on which the application is based, and none is shown.

Defendants move for a reargument, or for leave to appeal to the court of appeals on a certified question. Denied.

For former opinion, see 53 N. Y. Supp. 329.

Reargued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

HATCH, J. The motion for a reargument should be denied. The main question for reargument presented by the moving party relates to the failure of the court to discuss the status of the defendant the Poughkeepsie Savings Bank in respect of the cause of action set forth in the complaint. If the prevailing opinion were in error upon this point, it would furnish no ground for a reargument. In fact, it clearly appeared that the point was considered by the court, as it was referred to in the dissenting opinion of the presiding justice. It is evident, therefore, that the question was not overlooked, and under the authority of Mount v. Mitchell, 32 N. Y. 702, no ground for a reargument appears in this regard. The omission of the prevailing opinion to discuss this question does not affect it, nor does it show that the point was necessarily overlooked. Fosdick v. Town of Hempstead, 126 N. Y. 651, 27 N. E. 382. If it were otherwise, the point would not be available to the demurring defendant. The Poughkeepsie Savings Bank does not demur to the complaint, and, so far as the demurring defendant is concerned, the complaint states a good

cause of action. It was clearly within the power and right of the plaintiff to make all persons claiming or having any interest in the property affected by the action, whether as lienors or otherwise, parties thereto, in order that their rights might be determined, and they have their day in court to assert their claims. The Poughkeepsie Savings Bank acquires its lien by virtue of the power of sale contained in the will, which is sought to be made the subject of construction. As we view the case, therefore; its rights in the premises arise out of the transaction which is the subject of the action; and we see no reason why a motion for a reargument should be granted, or why leave to appeal to the court of appeals should be given. Comwell v. Clements, 89 Hun, 603, 34 N. Y. Supp. 998.

The motion should be denied. All concur.