FRANK L. BUMPUS, Plaintiff-Respondent, *v.* PHILIP. ANDERSON, Defendant-Appellant.

(County Court, Chautauqua County, February, 1906.)

Courts — Powers — County Courts — To grant reargument of appeal. Code of Civil Procedure, § 3342.

Under section 3342 of the Code of Civil Procedure, a County Court may grant a reargument of an appeal from a judgment rendered by a justice of the peace.

Where, from the opinion of a county judge affirming a judgment rendered by a justice of the peace, it appears that all matters involved in the appeal were considered and it does not appear that any question was overlooked by the court or that its decision was in conflict with the statutes, or with a controlling decision to which its attention was not drawn through the neglect or inadvertence of counsel, a motion for reargument, made before the successor in office of the county judge who heard the appeal, will be denied.

MOTION for a reargument.

Fred Sylvester, for plaintiff-respondent.

C. M. Reed, for defendant-appellant.

OTTAWAY, J.   This is a motion made by the defendant-appellant for reargument of an appeal in this court.

The appeal in the above-entitled action was from the judgment of a justice of the peace of the town of Charlotte and was argued before the Hon. Jerome B. Fisher, county judge, in August, 1902.   A decision was rendered in December, 1905, Judge Fisher writing an opinion sustaining the judgment of the justice of the peace.   The reason assigned for a reargument is that the learned court overlooked important and controlling features of the return.

The questions raised upon the argument were as to the power of the County Court to grant a reargument and whether the reasons presented were sufficient to entitle the appellant to a reargument.   Section 3342 of the Code of

27

Civil Procedure leaves no doubt as to the power of the County Court to grant a reargument in a proper case.    This section confers the same powers upon County Courts as are possessed by the different terms of the Supreme Court.

The only question remaining is the question whether the reasons presented by the appellant entitle him to a reargument.    This is addressed to the sound discretion of the court.    Fleischmann v. Stern, 90 N. Y. 110.

The courts have, however, laid down certain rules for the guidance of litigants and attorneys in reference to reargument.    We are unable to find any rule permitting a reargument in this case.    The learned counsel for the appellant insists that certain testimony was admitted erroneously and that the learned court upon appeal did not give this case due care and attention in determining the effect of the admission of said testimony.    If the contention of the counsel is well founded, his remedy would be by appeal, unless it was clearly made to appear that the court entirely overlooked these matters.    From the opinion filed in this case, it appears from the language of the opinion that all these matters were considered by the court.    The courts are not permitted to review the decisions of members of the same court.    Such a practice would lead to interminable litigation and inextricable confusion.

The Court of Appeals in the case of Fosdick v. Town of Hempstead, 126 N. Y. 651, has stated the rules governing rearguments.    The appellant in this case has not brought himself within the rules there established.    It does not appear that any question was overlooked by the court or that the decision was in conflict with the statutes, or with a controlling decision to which the attention of the court was not drawn through the neglect or inadvertence of counsel.

Motion is denied, with ten dollars costs.