MARIE F. DOTY, Plaintiff, v. LEWIS O. DOTY, Defendant.

Supreme Court, Special Term, Queens County, March 30, 1949,
on motion for reargument, April 8, 1949.

*Visel, McDermott & Latham* for plaintiff.

*Newman, Hauser & Teitler* for defendant appearing specially.

DALY, J. In an action for a separation, the defendant, appearing specially, moves to vacate the service of process upon him on the ground that the court lacks jurisdiction inasmuch as he was not a resident of this State at the time he was served with process in the State of Florida. It appears that he was served with motion papers for temporary alimony and counsel fees at the same time that he was served with the summons and complaint in this action.

It is clear from the papers before me that the plaintiff is a resident of this State and entitled to prosecute this action. The 1946 amendment (L. 1946, ch. 144) of section 235 of the Civil Practice Act did not limit the former provisions thereof so as to confine its application to domiciliaries of this State. It was not so limited before the amendment and it is not now. As formerly, section 235 authorizes service of process without the State without an order in certain enumerated types of cases. The amendment has extended this type of service of process to a domiciliary of this State who is absent therefrom and against whom a suit for a sum of money only is brought. In other words, jurisdiction in personam as well as in rem has been conferred in actions enumerated in the section where the defendant is a domiciliary of the State. If he is not such a domiciliary, then service pursuant to the provisions of the section does not confer in personam jurisdiction; it confers only in rem jurisdiction. Accordingly, the motion to vacate the service of process is denied with leave to the defendant to serve his answer within

ten days of the service of a copy of the order hereon upon the defendant's attorney.

Since the jurisdiction to allow alimony and counsel fees depends upon the defendant's domicile in this State at the time he was served with process (*Carnegie* v. *Carnegie,* 274 App. Div. 887; *Ellsworth* v. *Ellsworth,* 189 Misc. 776), and the court is unable to determine that issue solely upon affidavits, it is referred to an official referee to hear and report, and pending the coming in of such report the motion for alimony and counsel fees will be held in abeyance.

Settle order on notice.

(On motion for reargument, April 8, 1949.)

MOTION for reargument.

The movant has failed to show that in making the original determination, this court has overlooked some decision or principle of law which would have a controlling effect or that it has miscomprehended any facts, or for some other reason reached an erroneous conclusion. Counsel in effect seeks reargument simply because " ' he would like to again argue the very questions he had already submitted to, and which had been expressly decided by the court.' " (*Fosdick* v. *Town of Hempstead,* 126 N. Y. 651, 652.) That is not the purpose of reargument and the motion is accordingly denied.