Matthew M. Levy, J.
The plaintiffs in the present derivative stockholders’ action have heretofore been ordered to post security for expenses, pursuant to section 61-b of the General Corporation Law (30 Mise 2d 429). They now move for reargument. They urge that I overlooked my prior decision after trial requiring the defendants to account (30 Mise 2d 408, 422 et seq.). They argue that the corporation can be entitled to security only where it may become liable to other parties for expenses pursuant to section 64, and that, in the present case, no such liability will be possible since the defendants have, after trial, been unsuccessful on at least some of the issues.
The motion for reargument is denied, both procedurally and substantively. Since the plaintiffs did not apply for or obtain leave to reargue, the bringing on of this motion was impermissible and it is not entertained. (Bankers Commercial Corp. v. American Home Assur. Co., 21 Misc 2d 282; Ellis v. Central Hanover Bank & Trust Co., 198 Misc. 912.) Nevertheless, I shall state why, in my view, the application should be denied on the merits.
Section 61-b of the General Corporation Law, as pertinent here, provides that a defendant corporation in a stockholders’ derivative action may “ require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney’s fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-four of this chapter ’ ’. Section 64, insofar as applicable here, provides that any person made a party to an action by reason of his being “ a director, officer or employee of a corporation shall be entitled to have his reasonable expenses, including attorneys’ fees ”, assessed against the corporation “ except in relation to-matters.as-to which it shall be adjudged in such- action, suit or' proceeding that such officer, director or employee is liable for *1010 negligence or misconduct in the performance of his duties.” Section 67, as pertinent here, provides that an application by such a person for payment of expenses shall be granted if ‘ ‘ the court shall find that the applicant, his testator or intestate was successful in whole or in part ”.
The plaintiffs point to the fact that an interlocutory decree directing an accounting has been awarded against the defendants, and therefore there was necessarily a finding that there was “negligence or misconduct in the performance of [their] duties. ’ ’ But, as I see it, in the light of the proof presented in this case, the interlocutory decree (which, by the way, has not yet been submitted for entry) would not necessarily be res judicata of the question as to whether the defendants or some of them may or may not be entitled to recover their expenses in connection with the accounting phases of the action. That issue can be definitively resolved in all respects only after the accounting has been had and the proceedings finally concluded. Assuming, arguendo, a failure duly to account as to certain items, as directed, before the Referee, that would, of course, disallow a recovery as to the expense of the defense of the “ negligence or misconduct” involved therein. On the other hand, ultimate dismissal of at least some of these charges might allow the defendants to recover their expenses in that connection.
Moreover, the fact that this case has already gone to trial and that substantially most of the issues have been resolved on the merits allows me to state with reasonable certainty that the corporation will likely become subject to certain expenses and attorney’s fees for some, if not all, of the defendants. For example, as to one defendant, all of the causes of action against him were, on consent, dismissed with prejudice (30 Mise 2d 408, 411, 427). As to some of the other defendants, the complaints were, after trial, dismissed in whole or in part (30 Mise 2d 408, 427-429). As to the principal defendant, too, several of the major charges against him were dismissed (30 Mise 2d 408, 415, 417). Statutory recognition that a defendant who has prevailed as to some matters and lost as to others may recover his-expenses as to the former is found in section 67, where, I repeat, it is expressly stated that such a party may be reimbursed therefor where he was successful either “ in whole or in part ”.
I recognize that implicit in this analysis is a holding that the security provided for in section 61-b may be required to be posted for the expenses incurred in defense of the action notwithstanding that the expenditures were made or the services were rendered prior to the application or direction for such *1011 security. Since I have been unable to find any precedent resolving the precise point, I look to the language of the statute, to reason and logic and to principles of justice to aid me in arriving at this determination. .
At the outset, let me say that in this very case the defendant corporation was denied security during an early stage of this litigation by reason of the increase of stock ownership in the plaintiffs by way of intervening participants, and that some years later the corporation became entitled to such security by virtue of the subsequent decrease of ownership in the plaintiffs (cf. Perry v. Shahmoon Ind., 11 Misc 2d 137; Sorin v. Shahmoon Ind., 30 Misc 2d 408, 429, 441). It would therefore seem to me to be unjust to hold that the defendant would, in such circumstances, now be deprived of security protecting it for all the expenses incurred in the interim and during the pendency of the action from its commencement. As a consequence, it would require a statute plainly making such a directive to persuade me to arrive at such a result.
It will be helpful at this point to quote again the relevant language of 61-b, the basic section: “ [T]he [defendant] corporation * * shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney’s fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-four of this chapter, to which the corporation shall have recourse in such amount as the court * * * shall determine upon the termination of such action. ’ ’ Section 64 provides that the appropriate individual defendant “ shall be entitled to have his reasonable expenses, including attorneys’ fees, actually and necessarily incurred by him in connection with the defense of such action * * * assessed against the corporation
In my view, it is unreasonable and illogical to presume that the legislative intent, thus expressed, was prospective only in respect of when the expenses referred to must have been incurred. The aim of the requirement (if the stockholdings of the complainants do not show adequate interest in the subject matter) is to guarantee to the corporation and persons benefited reimbursement for the expenses incurred'in the defense of the suit, and, if the guarantee were to be cut off at the point of time elapsing prior to application therefor, that purpose, I think, should have been explicitly expressed in the statute. The words “ which may be incurred ”, used in section 61-b, and “actually and necessarily incurred”, used in section 64, are *1012 reasonably related to the opening words of section 61-b,11 in any action ”, and to the words of section 64, “ in connection with the defense of snch action 5 And, thus, the security provided for relates to the expenses which may be incurred in the action as a whole. Any other holding would give to the plaintiff a prize by reason merely of a late application which, in any event, by virtue of the existence of section 61-b, could and should have been anticipated by the plaintiff upon the very institution of the suit. The plaintiff has lost nothing as a consequence of the supposed lateness of demand, since the stockholder who undertakes a derivative suit has known from its inception of the liability to which he is subject.
Moreover, normal litigation experience readily demonstrates the futility of prescribing any such point of departure. It seems to me wholly unsound to contend that, if the application for security were made after answer, all work done prior thereto would be excluded from calculation. The usually appropriate time for a defendant corporation to apply for security would be after the service of the answers of the several defendants. Such service would, of course, be made some time after the institution of the suit. Extended intermediate proceedings would be undertaken by the defendants — perhaps before, and certainly after, answer. The period intervening between answer and application would bo utilized to make a careful and comprehensive study of fact and law. By the time of the request for security there has normally been such examination and investigation that the issues to be tried have been determined and, likewise, the nature of the services to be rendered and the degree to which the corporation might deem itself to be entitled to security.
As I view it, therefore, language, logic and reason support the holding that the security required relates to the expenses incurred and services rendered from the inception of the action. Indeed, this is emphasized when we note that the application for security may be made even after trial and at any time before final judgment. It is not to be assumed that, in case of such an application, the security-which the court could require would cover only such expense incurred for the comparatively minor matter involving the entry of the final judgment.
It may be noticed that, in the foregoing analysis, I have made no mention of the Governor’s Memorandum (Public Papers of Gov. Thomas E. Dewey, 1944, pp. 255-256) on approving section 61-b (L. 1944, ch. 668) to the effect that11 [i]n the cases requiring security, the amount is left [by the statute] to the discretion of the court ”. Nor have I made any reference to the clause in *1013 the section that “ [t]he amount of such security may thereafter [i.e., subsequent to the initial order requiring security] from time to time be increased or decreased in the discretion of the court * * * upon showing that the security provided has or may become inadequate or is excessive ”, It might be thought by some that, in the light of these factors, the issue of the coverage of security for expenses is actually a question of the proper amount of such security — a matter which is within the court’s discretion. It would seem to me, however, that deference to the statutory language and the facilitation of the later disposition of problems arising as to the utilization of the security as related to the expenses incurred would require the court first to fix the point of time from which such expenses might be recovered, and only then to exercise its discretion as to the proper amount of the security.
An order has been signed and entered denying the present motion, and an appropriate order should be settled, without further delay, disposing of the motion-in-chief. It is because no such order has yet been submitted that I have taken the time in this memorandum to explain the reasons for the denial of reargument and to indicate the general thesis as to the fixation of the amount of security to be required in the order.