Benjamin Brenner, J.
In April, 1964 petitioner brought on a motion for leave to sue MVAIC for injuries which the infant herein had allegedly received in 1963 when a “hit and run ” vehicle had struck another vehicle which then mounted the sidewalk and struck the infant. By order dated May 25, 1964 that application was denied, for at that time decisional law interpreting section 617 of the Insurance Law required direct physical contact between the “ hit and run ” ear and the injured person or the automobile in which the injured person was a passenger; this is to say, that it was then a condition precedent to. a suit *953 against MVAIC that there be actual direct physical contact, so that contact with an intervening auto, which then struck the injured person or the car in which the injured person was a passenger, did not satisfy the requirements of the statute (Matter of Tuzzino [MVAIC], 22 A D 2d 641; Matter of MVAIC [Stern], 21 A D 2d 856; Matter of Bellavia v. MVAIC, 28 Misc 2d 420). The petitioner thereupon filed a notice of appeal in the Appellate Division, Second Department, which appeal is still pending though it has not been perfected.
Thereafter, and in June, 1966 the Court of Appeals in MVAIC v. Eisenberg (18 N Y 2d 1), again interpreting said section 617 of the Insurance Law, held that direct actual physical contact was not required and that a fact situation such as was allegedly involved in the instant case would fulfill the requirements of the statute. It seems clear and is not seriously contested by the respondent herein that if the Eisenberg case had been decided prior to the original decision herein, leave to sue the MVAIC would surely have been granted. Hence petitioner now moves for renewal and reargument of the previous order denying her leave to sue MVAIC and for an order granting her such leave.
It is settled that on a motion for renewal or reargument made after the expiration of time to appeal, the original decision on a motion determining the rights and positions of the parties will not be reversed because an appellate court in the interim has overruled its own or another statement of existing applicable law in a different case (Deeves v. Fabric Fire Hose Co., 19 A D 2d 735; Bechard v. Lewis, 268 App. Div. 807; New York Cent. R. R. Co. v. Beacon Milling Co., 184 Misc. 187; Edell v. MVAIC, N. Y. L. J., Jan. 19,1967, p. 15, col. 1).
In the case at bar, however, the time for leave to appeal has not run as the appeal is actually pending. Now, since there does not appear to have been any previous decision involving an application to Special Term relative to a change of law pending appeal, it first becomes necessary to examine whether the requirements for an application to renew and/or reargue have been met. It is elementary that an application for leave to renew a motion must be based on additional material facts which existed at the time the prior motion was made but which were not known to the party seeking leave to renew and therefore not made known to the court, and which the party seeking leave to renew could not have known and made known to the court (Ecco High Frequency Cory. v. Amtorg Trading Corp., 81 N. Y. S. 2d 897, affd. 274 App. Div. 982, mot. for rearg. and app. den. 274 App. Div. 1056). The change in the decisional law here was not a fact which existed at the time the original motion *954 was made and therefore is not a proper basis for an application to renew.
Neither is the application properly one for leave to reargue as such an application must be made upon the very same facts alleged in the original papers and must show that the court in originally ruling on the motion overlooked a controlling principle of law or misapprehended the facts as originally alleged (New York Cent. R. R. Co. v. Banton Corp., 110 N. Y. S. 2d 64 [App. Term]; Doty v. Doty, 194 Misc. 907). Here it is clear that the court did not either misapprehend the facts or overlook the controlling principles of law when it made its original decision, and that in fact, at such time, the ruling was in conformity with the then controlling principles of law. Consequently, the requirements for an application to reargue have also not been met.
In effect, therefore, the petitioner is not properly before the court on either an application to reargue or to renew. Nevertheless she asks that I reverse a previous order because she believes that upon her continued appeal from the previous order, the Appellate Division would, of necessity, be required to reverse that order. It is, of course, possible and even probable that when and if this petitioner is allowed to perfect her appeal, the order will be reversed by the appellate court if it is to apply the law existing at the time of the appeal and not the law prevailing as of the date of the original determination (Matter of Cutler v. Herman, 3 N Y 2d 334, 338; Matter of Kahn [Nat. City Bank], 284 N. Y. 515, 523). However, I do not believe that I may presume to act for the appellate court, however much I may desire to set the matter aright. It would seem appropriate to bear in mind, in this connection, the limitation of decision making stated in Sears, Roebuck & Co. v. 9 Ave.-3l St. Corp. (274 N. Y. 388, 400): “ A decision of a court of competent jurisdiction determines conclusively the questions of law and of fact necessarily involved in the dispute between the parties to the litigation. It does not conclusively determine anything else. Though the determination of the question of a law involved in that litigation may dictate a similar conclusion in litigation between other parties where similar questions are involved, yet such parties may still challenge the correctness of the original decision and the court may refuse to follow it.” The application is accordingly denied.