Arnold L. Fein, J.
This is a motion by defendant to dismiss the complaint on the basis of lack of personal jurisdiction and failure to commence the action within the four-year Statute of Limitations applicable to a sales contract.
Defendant was the sole shareholder of Kinematix, Inc. In June, 1967 an agreement was entered into between plaintiff, defendant, and Kinematix. The contract provided for the establishment of a branch office of plaintiff’s business at the Kinematix office. Defendant, without compensation, was the sole employee of the branch office. Plaintiff agreed to sell Kinematix and Kinematix agreed to buy from plaintiff all materials required by Kinematix. The contract fixed the terms of sale and payment and provided that defendant “ guarantees full performance by Kinematix of all the terms and conditions of this agreement on the part of Kinematix to be performed.”
Pursuant to the contract, Kinematix executed and delivered to plaintiff trade acceptances and bills of exchange against plaintiff’s vendor’s invoices, all of which were dishonored. Judgments obtained against Kinematix on the basis of these trade acceptances and bills of exchange are uncollectible. It is undisputed that (1) this action was not commenced until almost four and one-half years from the date of the last “ trade acceptance ”, and (2) defendant did not sign these trade acceptances or bills of exchange in any manner which would bind him personally.
The liability of a guarantor or surety is “ strictly and rigidly limited by the scope and meaning of the instrument which he has executed.” (Richardson v. County of Steuben, 226 N. Y. 13, 19.) His liability cannot exceed that assumed by his principal (Eckstein v. Massachusetts Bonding & Ins. Co., 281 N. Y. 435; Rindge v. Judson, 24 N. Y. 64). Defendant obligated himself solely in the event Kinematix failed to perform the “ terms and conditions ” of the agreement he signed, not any other agreement or promise to perform or pay.
The “ reality ” of any action against Kinematix, based upon this agreement, controls. (See Brick v. Cohn-Hall-Marx Co., 276 N. Y. 259, 264.) The essence of the transaction was the sale of goods. Although Kinematix by signing the “ trade acceptances ”, pursuant to the contract, established a further cause *212 of action to which it could be subjected upon the discretion of any holder thereof (Dentists’ Supply Co. v. Cornelius, 281 App. Div. 306, affd. 306 N. Y. 624), its liability on the contract was limited to payment. The trade acceptances, to which defendant was not a party, merely evidenced the obligation to pay. The other clauses of the agreement which related to matters other than sale merely provided the mechanism for the sales.
In the contract payment clause, Kinematix obligated itself to make payment “ within sixty (60) days from the date of vendor’s invoice to A.T.C.I. [plaintiff], and shall be evidenced by trade acceptances ”. In this, manner the contract expressed the duty of Kinematix to pay for the goods received, implied in any event. Defendant guaranteed payment for the sales, not payment of the “ trade acceptances ” as such. Since under the sales contract the obligation of Kinematix was subject to the four-year Statute of Limitations (Uniform Commercial Code, § 2-725, subd. [1]) defendant’s liability was similarly limited, rather than by the six-year limitation afforded by subdivision 2 of CPLR 213. (Eckstein v. Massachusetts Bonding & Ins. Co., supra; Rindge v. Judson, supra.) The four-year limitation within which to commence this action expired prior to the service of process in Illinois.
Plaintiff asserts that there was a toll of the Statute of Limitations pursuant to CPLR 207, because it allegedly took approximately six months to ascertain defendant’s, residence address in Illinois. However, since the contract was negotiated, entered into, and subject, by its own terms, to the laws in New York,, there was continuous jurisdiction over defendant. It is immaterial whether he was actually served personally within or without New York. Since he could have been effectively served without the State, the statute is not tolled (CPLR 207, subd. 3). Plaintiff’s, reliance upon Ellis v. Riley (53 Misc 2d 615, affd. 29 A D 2d 52) is misplaced. That case turned on the fact that the nonresident motor vehicle owner defendant was not amenable to service sufficient to support personal jurisdiction pursuant to sections 253 and 254 of the Vehicle and Traffic Law, because the driver had furnished an incorrect address for the owner, in the accident report. "When such a defendant is amenable to service, the Statute of Limitations is not tolled. (Goodemote v. McClain, 40 A D 2d 22; Nelson v. Fraboni, 38 A D 2d 633.) Unlike these cases, the plaintiff here was never given an incorrect address for the defendant. Plaintiff was actually always in possession of the address at which defendant was ultimately served. Consequently, since the defendant could have been *213 served pursuant to subdivision 5 of CPLR 308 or CPLR 313 and subdivision 4 of CPLR 308, the Statute of Limitations was not tolled (CPLR 207, subd. 3).
The letters relied on by plaintiff do not constitute an acknowledgment and promise to pay sufficient to toll the statute. (Connecticut Trust and Safe Deposit Co. v. Wead, 172 N. Y. 497; Wakeman v. Sherman, 9 N. Y. 85.)
Accordingly, the motion to dismiss is granted. The issue of lack of personal jurisdiction appears to have been waived by defendant’s brief. In any event it is mooted by this disposition.