Arnold L. Fein, J.
This is a motion by plaintiff for reargument and renewal of the decision of this court dated February 19, 1974 (78 Misc 2d 210), and the order entered thereon June 6, 1974, granting defendant’s motion to dismiss the complaint because barred by the four-year Statute of Limitations applicable to a sales contract (Uniform Commercial Code, § 2-725, subd [1]).
The motion for reargument and renewal is denied. The voluminous papers submitted, both upon the original motion and upon this application for reargument and renewal, do not warrant the relief sought. Counsel has failed to adhere to proper practice. On a motion for reargument there should be submitted to the Judge who decided the original motion an affidavit setting forth the decision and the asserted ground for reargument, together with a request for an order to show cause. The Judge may then determine in the first instance *195 whether there is a basis for reargument. This procedure was not followed here. Plaintiff at no time applied for leave to reargue. (Ellis v Central Hanover Bank & Trust Co., 198 Misc 912; Sorin v Shahmoon, 34 Misc 2d 1008; People v Jenkins, 39 AD2d 924).
Upon the merits, plaintiff has failed to establish that the court overlooked any controlling principle of law or misapprehended any material fact. A motion for reargument, addressed to the discretion of the court, is not designed as a vehicle to permit the unsuccessful side to argue again the very questions previously decided. (Fosdick v Town of Hempstead, 126 NY 651). A decision rendered upon a motion is a disposition of the issues therein presented and should not be deemed an invitation to a response by means of reargument.
Upon the original motion, this court held that the essence of the transaction was the sale of goods and that the other clauses of the agreement which related to matters other than sale merely provided the mechanism for the sales. Upon reargument and renewal, plaintiff now, for the first time, alleges without new facts that the essence of the underlying agreement was to establish a financing or credit arrangement.
"A motion for reargument is not an appropriate vehicle for raising new questions” (Simpson v Loehmann, 21 NY2d 990). The position now taken is inconsistent with that previously relied upon. It is not properly subject of a motion to reargue.
An application for leave to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew and therefore not made known to the court. Renewal is denied in the absence of a valid excuse for not submitting the additional facts upon the original application. (Ecco High Frequency Corp. v Amtorg Trading Corp., 81 NYS2d 897, affd 274 App Div 982, rearg and app den, 274 App Div 1056; Matter of Holad v MVAIC, 53 Misc 2d 952.)
No additional facts have been presented other than those previously considered by the court. Although plaintiff asserts a new argument, not raised on the original application, this is an insufficient basis for a motion to renew. Moreover, even if it were deemed sufficient, and it is not, there is no claim of mistake, inadvertence, surprise or excusable neglect. Nor is it contended that the application is supported by any new facts or information which came to the knowledge of plaintiff or happened since the prior determination or that the new *196 matter asserted could not have been readily and with diligence made part of the original application. (See Ecco High Frequency Corp. v Anatorg Trading Corp., 81 NYS2d 897, 899, supra.)
It appears that after the court rendered the prior decision and before entry of the order thereon, plaintiff served an amended complaint asserting three additional causes of action. Upon this application for reargument, plaintiff seeks court approval for such service, or, in the alternative, leave to serve such an amended complaint. The same device was attempted upon settlement of the order on the decision grant: ing defendant’s motion to dismiss. Plaintiff then submitted a counter order containing a decretal paragraph granting it leave to serve the amended complaint and in effect improperly sought reargument on settlement of the order. The court declined to sign the counter order on the basis that reargument was not warranted and signed defendant’s proposed order on the principle that an order to be entered upon disposition of a motion must adhere and conform to the decision rendered.
There is no basis for plaintiff’s assertion attempting to justify its purported service as a matter of right. A party may not serve an amended pleading as a matter of course after a decision is rendered dismissing the pleading sought to be amended. (See, Mayer v Miller, 246 App Div 541; City of Yonkers v Moore, 235 App Div 793.) Green v Kings Mercantile Co. (NYLJ, Nov. 22, 1963, p 15, cl 2), relied upon by plaintiff, holds only that where an amended complaint is served after a motion to dismiss has been brought the original complaint has no existence as a pleading.
That branch of plaintiff’s motion which seeks either court approval of the service of the amended pleading, or leave to serve an amended complaint, is improperly submitted upon this application for leave to reargue to renew. Both reargument and renewal must, of necessity, be confined to that which was part of the original motion. Reargument may not be employed as a vehicle for seeking new forms of relief. (Simpson v Loehmann, 21 NY2d 990, supra; Fox v Abe Schrader Corp., 36 AD2d 591; National Bd. of Y.W.C.A. of U.S. v S.M.W. Trading Corp., 68 NYS2d 386.) Since plaintiff did not seek leave to amend or replead in its opposition to the prior motion, its application for such leave upon a motion for reargument or renewal may not be entertained.
*197 Even if this application be deemed a forthright application for leave to serve an amended complaint, it is without merit. A motion for leave to amend is addressed to the court’s discretion, subject to the proviso that leave shall be freely given upon such terms as may be just (CPLR 3025, subd [b]). Although it is clear that plaintiff should have requested leave to amend in its opposing papers submitted on the original motion, the failure of counsel to do so should not unduly prejudice the plaintiff if, indeed, a valid cause of action exists. The interests of justice would require no less.
Upon a motion for leave to amend, the court has the discretion to impose such terms as may be just, and may require the submission of evidentiary support for a proposed amended pleading. Although this is not a mandatory requirement and may be dispensed with in the court’s discretion, the power exists in a proper case, to permit a party to apply to Special Term for leave to serve an amended pleading. (Morrison v Filmways, Inc., 25 AD2d 837; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.40a.) The present application for leave to amend is improper when made in conjunction with a motion for reargument. Moreover the absence of the requisite evidentiary support in the papers submitted compels the conclusion that this is not a proper case for such relief in the exercise of the court’s discretion. The affidavit submitted, by the same person whose affidavit was relied upon on the original motion, takes the same facts and argues they require a different conclusion.
Accordingly, plaintiffs motion for reargument and renewal is in all respects denied.