■ ROBERT WALLIS, Appellant-Respondent, v PAT FALKEN-SMITH, Respondent-Appellant.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered January 29, 1987, following a nonjury trial, in favor of plaintiff-appellant-cross-respondent in the amount of $15,000, together with interest and costs, unanimously modified on the law and the facts, to award plaintiff the sum of $65,000 with interest and costs, and the matter remanded for determination of attorneys' fees, and otherwise affirmed, without costs.

We modify the judgment appealed from to award plaintiff landlord an additional $50,000 for unpaid rent due and owing under the two-year lease with defendant tenant. In this case we are not required to determine whether the old rule excluding landlords from the usual contractual obligation to mitigate damages continues to be viable in light of the far-reaching changes in the law that have occurred in recent years with regard to landlord and tenant relationships. Even cases holding that the landlord does have a duty to mitigate also hold that the burden of proving that the landlord could have avoided or reduced the resulting damages falls on the tenant where the landlord has proven a prima facie case of default under the lease (Parkwood Realty Co. v Marcano, 77 Misc 2d 690, 693 [Civ Ct, Queens County 1974]; see also, Home Owners' Loan Corp. v Baldwin, 265 App Div 864, 865 [2d Dept 1942] [holding that the burden was on "defendant-tenant to show failure on the part of the landlord to take reasonable steps to minimize the damages and not on the landlord to show affirmatively as a part of its case that a new tenant was sought"]; Lefrak v Lambert, 93 Misc 2d 632 [App Term, 2d Dept 1978], modfg 89 Misc 2d 197 [Civ Ct, Queens County 1976]). Contrary to the conclusion reached by Supreme Court,

we find that defendant did not meet her burden of showing that plaintiff failed to take reasonable steps to minimize the loss of rental income.

Defendant maintained, and the court below found, that the plaintiff had imposed unreasonable restrictions on her ability to sublet the apartment after she returned to California and ceased paying rent. However, the evidence does not support defendant's claim that plaintiff unreasonably rejected two prospective tenants presented by the real estate agent whom defendant had contacted. Plaintiff was within his rights to reject the tenant who wanted to install a hot tub on the terrace of the apartment. According to the testimony of the agent who defendant called as a witness, the second tenant changed her mind about renting the apartment when her architect advised her that it was not properly laid out for her purposes.

Defendant failed to establish by the preponderance of the evidence that plaintiff refused to work with real estate agents, or accept prospective tenants with children. Nor do the many advertisements which were placed in newspapers in New York City and overseas bear out defendant's contention that plaintiff's advertisement deterred prospective tenants. While the heading for most of the ads states that the apartment is "For [a] Quiet, Creative Person" the evidence offered at trial indicates that several prospective tenants with families, nevertheless, expressed interest after seeing the ad and were considered by plaintiff. Indeed, the apartment was ultimately sublet to a couple. Thus, the evidence contradicts defendant's claim that the many advertisements, which cost plaintiff $3,000, were not designed to attract prospective tenants. That plaintiff's advertisements were not drafted with optimal skill and precision does not negate the fact that they were reasonably designed to attract inquiries from interested persons. The law, at most, requires no more than reasonable efforts by the landlord. *(Lefrak v Lambert,* 93 Misc 2d 632, *supra.)*

Given the additional evidence from defendant's real estate agent that the market for this type of apartment was particularly slow for several months, we cannot agree that the failure to let this apartment was due to a lack of diligence on plaintiff's part. We therefore modify and award plaintiff the remainder of the rent due under the lease and remand for a determination of attorneys' fees incurred by plaintiff as a result of defendant's default, which fees are recoverable under the terms of the lease. Concur—Sandler, J. P., Asch, Milonas and Rosenberger, JJ.