OPINION OF THE COURT
David Goldstein, J.
Motion by plaintiff to reargue and/or renew the order of this court dated December 19, 1989 (Rubin v Dondysh, 146 Misc 2d 37), which denied plaintiff’s motion for summary judgment, is denied on both procedural and substantive grounds.
Procedurally, plaintiff has failed to adhere to approved and proper practice upon a motion to reargue or renew, which requires the submission to the Judge who decided the original motion of an affidavit setting forth the decision and the ground for reargument, together with a request for an order to show cause (People v Jenkins, 39 AD2d 924, 925; American Trading Co. v Fish, 87 Misc 2d 193, 194-195; Sorin v Shah *223 moon Indus., 34 Misc 2d 1008, 1009; Ellis v Central Hanover Bank & Trust Co., 198 Misc 912, 913). The approved procedure permits the court, in the first instance, to determine whether there is a legitimate basis for reargument.
A motion to reargue is addressed to the discretion of the court and is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied controlling principles of law (Rodney v New York Pyrotechnic Prods. Co., 112 AD2d 410). It does not serve as a vehicle to permit the unsuccessful party an opportunity to argue again the very questions previously decided (Fosdick v Town of Hempstead, 126 NY 651; Foley v Roche, 68 AD2d 558, 567); nor does it permit one to advance different arguments than those made on the original application, or to take a position inconsistent from that assumed initially (Simpson v Loehmann, 21 NY2d 990; Foley v Roche, supra, at 567-568). As was observed in Simpson v Loehmann (supra, at 990), "A motion for reargument is not an appropriate vehicle for raising new questions.”
Plainly, there is no basis for reargument here. Plaintiff has not established that the court overlooked or misapprehended the relevant facts or misapplied controlling principles of law. As set forth in detail in the court’s original decision, the record is replete with factual issues which must await the trier of the facts, not for final disposition upon motion for summary judgment. The underlying circumstances leading to respondent’s vacating the premises, whether there were false representations with respect to the use of the premises as a professional office, the issue of surrender of the space and mitigation all involve factual matters inappropriate for resolution upon motion for summary judgment.
These factual issues are raised by plaintiff’s own moving papers and, upon that ground, defendant’s failure to submit an affidavit by one with knowledge of the facts is not dispositive. As has been frequently held, where the moving papers fail to make out a prima facie case and demonstrate that there are factual issues, summary judgment must be denied, notwithstanding any deficiency in the opposing papers (Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Ladup Ltd. v Jamil, 131 AD2d 382, 383; Missett v Missett, 125 AD2d 275, 277).
Contrary to plaintiff’s argument on this motion, this *224 court did not hold that the burden of proof was upon the landlord to establish, as part of its prima facie case, that it took reasonable steps to relet the premises after the tenant had abandoned the space. While the court did hold that the landlord had a duty to mitigate, notwithstanding the commercial relationship of the parties, clearly, the burden of proof on the issue is on the tenant (Wallis v Falken-Smith, 136 AD2d 506, lv dismissed 72 NY2d 840; Parkwood Realty Co. v Marcano, 77 Misc 2d 690, 693). Nothing in this court’s initial decision held otherwise. The reference to the opinion of the Appellate Term, Second Department, in Paragon Indus. v Williams (122 Misc 2d 628) that "it was incumbent upon the landlord to prove as part of its direct case that it attempted to mitigate damages by reletting the premises”, does not operate to shift the burden of proof. Plainly, the cited reference in Paragon Indus, was to the burden of going forward, not the ultimate burden of proof in the case, which is on the tenant. All that the quoted passage states is that the landlord, on its direct case, must come forward with proof that it attempted to relet the space after the tenant had abandoned the premises. This, however, is not an impermissible shifting of the burden of proof on the issue, nor did the court so hold.
In terms of renewal, it is well recognized that an application to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew and, therefore, for that reason, not made known to the court. It has also been held that renewal should be denied in the absence of a valid excuse for not submitting the additional facts upon the original application (Foley v Roche, supra, at 568; American Trading Co. v Fish, supra, at 195; Ecco High Frequency Corp. v Amtorg Trading Corp., 81 NYS2d 897, affd 274 App Div 982, lv and rearg denied 274 App Div 1056; Matter of Holad v MVAIC, 53 Misc 2d 952).
Here, renewal is sought upon plaintiffs assertion, made for the first time on this motion, that it did attempt to relet the premises by listing the space with certain named real estate agents or brokers. However, this was known to plaintiff at the time of the original application and, therefore, is not within the technical limits of a motion to renew. Nevertheless, plaintiff claims that the mitigation issue was not addressed on the original application, primarily in reliance upon those prior decisions which had limited the duty to mitigate to residential cases.
*225 The fact that plaintiff did attempt to minimize its loss in this case could demonstrate an awareness or recognition that it had such a duty or, at least, that equity, a sense of fairness and elementary principles of justice would impose such a duty in the future. In my view, this reemphasizes the propriety and practical necessity of the initial determination to discard the former harsh, archaic rule, which had exempted commercial landlords from the mitigation principle applicable to contracts in general. It also enforces the view that, in doing so, plaintiff actually believed that it had such a duty, in addition to the business motive which impelled it to so act.
In any event, this does not entitle plaintiff to summary judgment on this record. While it is alleged that the landlord listed the space with certain brokers, the record is silent as to exactly what was done on its behalf in terms of "reasonable and diligent efforts to rerent the premises”, necessary in terms of whether there was a good-faith attempt in that regard (see, Wallis v Falken-Smith, supra, 136 AD2d, at 507; Syndicate Bldg. Corp. v Lorber, 128 AD2d 381; Howard Stores Corp. v Robison Rayon Co., 36 AD2d 911; Parkwood Realty Co. v Marcano, supra, 77 Misc 2d, at 692). The hearsay letters from real estate brokers, annexed to the moving papers, are insufficient for that purpose. The matter can only be resolved at trial, the necessity of which is raised by plaintiff’s submissions, notwithstanding any inadequacy in the opposing papers. The sufficiency, in terms of reasonableness and diligence, of plaintiff’s attempt to mitigate damages is more appropriately a matter for resolution at trial, not upon the conflicting allegations made on motion for summary judgment.
Accordingly, upon the foregoing, the motion for leave to reargue and/or renew is denied in all respects.