Ganci v Cape Canaveral Tour & Travel, Inc. (2004 NY Slip Op 50651(U))

[*1]

Ganci v Cape Canaveral Tour & Travel, Inc.

2004 NY Slip Op 50651(U)

Decided on April 15, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2004

Supreme Court, Kings County
Lillian Ganci, and All Others Similarly Situated, Plaintiffs,
against
Cape Canaveral Tour and Travel, Inc., et al., Defendants.
18462/03

Melvin S. Barasch, J.
In this proposed class action brought by plaintiff Lillian Ganci, on behalf of herself and all others similarly situated, (plaintiff) against, among other defendants, King's Creek Plantation, LLC (King's Creek), alleging violations of the Telephone Consumer Protection Act (47 USC § 227 [b] [1] [B]) (TCPA) and seeking statutory damages and injunctive relief, plaintiff moves, pursuant to CPLR 2221, for leave to reargue this court's decision and order dated January 9, 2004 to the extent that it granted King's Creek's motion to dismiss plaintiff's class action allegations and insofar as plaintiff's complaint sought maintenance of her action as a class action.
[*2]
This action arose out of the named plaintiff's assertion that on October 9, 2002, December 27, 2002, and January 30, 2003, the defendants, including King's Creek, without her prior express invitation or permission to do so, placed telephone calls to her residence using an artificial or prerecorded voice in order to advertise the commercial availability or quality of their property, goods, or services. She claimed that she was one of numerous recipients who received these telephone calls, and, consequently, brought this proposed class action against defendants, alleging that defendants violated the TCPA, which declares that such telephone calls are unlawful.
The court, in its January 9, 2004 decision and order, inter alia, granted a motion by King's Creek to dismiss plaintiff's complaint with respect to plaintiff's class action allegations and insofar as said complaint sought maintenance of plaintiff's action as a class action. It held that since plaintiff's action sought to recover a minimum measure of recovery created and imposed by the TCPA, CPLR 901 (b) specifically prohibited its maintenance as a class action.
In addressing plaintiff's instant motion for reargument, the court notes that the purpose of a motion for reargument is to afford a party an opportunity to demonstrate that the court overlooked or misapprehended the law or facts pertinent to the original motion (CPLR 2221 [d] [2]; Andrea v E.I. Du Pont de Nemours & Co., 289 AD2d 1039, 1040-1041; Foley v Roche, 68 AD2d 558, 567; American Trading Co. v Fish, 87 Misc 2d 193, 195). "Its purpose is not to serve as a vehicle to permit the unsuccessful party to reargue once again the very questions previously decided" (Foley, 68 AD2d at 567; see also Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27; Bankers Trust Co. of California v Payne, 188 Misc 2d 726, 729; Ulster Sav. Bank v Goldman, 183 Misc 2d 893, 894; American Trading Co., 87 Misc 2d at 195).
In seeking reargument, plaintiff reasserts her argument that federal substantive law governs this matter, and that a class action is permitted under federal law. She, again, argues that the "reverse-Erie" doctrine requires that the substantive remedies afforded by the states conform to federal law. The court, however, in its January 9, 2004 decision and order, expressly found such doctrine inapplicable since the only jurisdiction for an action brought pursuant to the TCPA is with the state courts, which have exclusive subject matter jurisdiction over TCPA claims; federal courts lack such subject matter jurisdiction (see Foxhall Realty Law Office v Telecommunications Premium Servs., 156 F3d 432, 434 [2d Cir]; Schulman v Chase Manhattan Bank, 268 AD2d 174, 178).
Plaintiff reiterates her argument that federalism or preemption issues exist to bar application of CPLR 901 (b) in the context of the TCPA. Such argument was previously rejected by the court. New York State is not required to permit a class action under the TCPA in contravention of its own laws. Rather, the TCPA's "if otherwise permitted clause" defers to the state court's laws and rules and gives the state court discretion over the administration of the TCPA (see Rudgayzer & Gratt v LRS Communications, __Misc 2d __, 2003 WL 22344990, *7 [Civil Ct, Kings County]).
Plaintiff again relies upon Califano v Yamasaki (442 US 682, 699-700) for the proposition that under federal law, class actions may be brought under federal statutes that give rise to a cause of action unless Congress expressly excludes the right to bring a class action. As previously discussed in this court's January 9, 2004 decision and order, however, in Califano (422 US at 701), the federal district court had jurisdiction over the claim and Fed. R. Civ. P. 23 was applicable. Here, since federal district courts do not have jurisdiction over claims brought under the TCPA, only New York's class action statute and not Fed. R. Civ. P. 23 applies. Moreover, contrary to plaintiff's [*3]reiterated argument, the application of CPLR 901 (b) would not alter the result of the litigation in state versus federal court under the "outcome-determination" test (see O'Hara v Bayliner, 89 NY2d 636, 646, cert denied 522 US 822) since this action could only be brought in state court.
Plaintiff, in her motion, only further resurrects all of her original arguments, relying upon case law previously cited by her in opposition to King's Creek's original motion. All of these arguments were expressly addressed and rejected by the court. "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided" (Pahl Equip. Corp., 182 AD2d at 27; see also Pro Brokerage v Home Ins. Co., 99 AD2d 971, 971; Foley, 68 AD2d at 567).
Consequently, inasmuch as plaintiff has failed to show that the court overlooked or misapprehended the law or facts and since plaintiff is attempting to rehash questions already decided by the court, plaintiff has failed to set forth a valid basis for reargument (see Foley, 68 AD2d at 567; American Trading Co., 87 Misc 2d at 195).
Accordingly, plaintiff's motion for reargument is hereby denied.
This constitutes the decision and order of the court.
E N T E R,
 J. S. C.