RICHARD O. CROSS, Appellant, v. TOWN OF HARMONY, CHAUTAUQUA COUNTY, NEW YORK, Respondent.— Judgment affirmed, without costs of this appeal to either party. Memorandum: We find a fair question of fact was presented by the evidence as to the negligence of the defendant and the freedom of the plaintiff from contributory negligence, and that the verdict is not against the weight of the evidence. Costs are not awarded as the plaintiff has been granted an order to sue as a poor person. All concur, except Taylor, J., who dissents and votes for reversal on the facts and for granting a new trial, and Dowling, J., who dissents and votes for reversal on the law and facts and for granting a new trial. (The judgment is for defendant in an action for damages for personal injuries sustained by reason of being struck by an overhanging limb of a tree.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF CLYMER, HARMONY AND FRENCH CREEK, CHAUTAUQUA COUNTY, Appellant, v. BENEDETT SENPREVIVO, Also Known as CARLO MARKELLO and Others, Respondents, Relative to Acquiring Certain Real Property in the Town of Clymer, Chautauqua County, State of New York.— Judgment affirmed, with costs. Memorandum: Even though the land in question should be found to be reasonably necessary for the public use in connection with the central school, its condemnation is precluded by section 464 of the Education Law, which prohibits the acquisition, without the consent of the owner, of a yard necessary to the use of buildings. In our opinion the evidence establishes that the premises sought to be acquired are reasonably necessary as a range for poultry in connection with the poultry houses which have been constructed at large expense on the part of the premises of the defendant Mary Senprevivo other than that sought to be acquired. All concur, except Crosby, J., who dissents and votes for reversal on the law and facts and for judgment in favor of the plaintiff. (The judgment dismisses the petition in a condemnation proceeding.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

LELIA M. THOMPSON, Respondent, v. SIDNEY MURSTEN, Appellant.— Judgment affirmed, with costs. Memorandum: Appellant's main complaint is that the plaintiff should have been compelled, at the end of the trial, to elect between her cause of action in contract and the conversion count that was inconsistent therewith. Plaintiff complained that she hired defendant to repair a fur coat, using as much as possible of the fur that was in the coat, and supplying new fur of the same kind for the balance, and that she paid him seventy-four dollars for the work and new materials. She sued (1) for $324 for breach of contract in failing to do the work properly; (2) for seventy-four dollars for money had and received and unearned; and (3) for $324 for converting all of her furs that were in the coat and substituting inferior furs. It is true that the first contract count of the complaint is inconsistent with the conversion count, but the court did not submit that count to the jury. The court submitted only the seventy-four-dollar contract count and the conversion count. They are not inconsistent. One who takes money for repairing an article and then converts the article is liable for both the money and the value of the article. And the jury's verdict is not against the weight of the evidence on the issues submitted. All concur. (The judgment is for plaintiff, affirming a judgment of the Buffalo City Court in an action for damages for breach of contract.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.