Louis B. Heller, J.
Upon argument on April 7, 1972, this court granted leave to reargue so much of the prior motion for alimony and counsel fees as resulted in an oral decision on March 29, 1972, awarding $250 on account of counsel fees to the defendant wife’s attorney and referring to the trial court any further application for such fee. Memoranda having been furnished by counsel as directed, the court will consider reargument.
After careful and deliberate review of the papers on the original motion supplemented by the memoranda and papers on the instant motion, the court finds that the plaintiff husband has failed to reveal a controlling or decisive fact or principle of law which had been overlooked or misapprehended, or that for any other reason the court reached an erroneous conclusion on the original motion (Fosdick v. Town of Hempstead, 126 N. Y. 651, 652; Doty v. Doty, 194 Misc. 907).
It might be well to understand the background of the action which led to the oral decision on the motion sought to be reargued. A separation agreement had by the lapse of time, ripened so that an action, might be instituted to convert it into a divorce (Domestic Belations Law, § 170, subd. [6]). The plaintiff husband commenced such an action, having first obtained an order of the court permitting him to sue as a poor person. He was and is represented by John 0. Gray, Jr., Esq. (without fee) as a member of the Brooklyn Legal Services Oorp.
*17 Defense of the action became necessary on the part of the defendant wife because of issues concerning custody and support of three children. The wife obtained counsel who moved for support for the children and a counsel fee of $1,000. In opposition to the award of counsel fees on the original application as well as on this reargument, the plaintiff husband urged that being an indigent person, no counsel fees may be awarded against him as CPLR 1102 provides ‘ ‘ no fees or costs ” may be imposed. This is sophistry. CPLR 1102 makes no mention of counsel fees as it deals only with charges for transcripts (b) appeals without printing (c) and costs and fees for which a poor person is not liable. The contention that having sued as a poor person the plaintiff is immune from responsibility for counsel fees for his wife, made necessary by his action, is, therefore, without foundation whatever. The eases cited by the movant, Cross v. Town of Harmony (257 App. Div. 1029) and Matter of Jennings (3 Misc 2d 601) have no relevancy, applying as they do to taxation of costs. Indeed, authority supports the conclusion that alimony is justified dependent upon the need notwithstanding the fact that a public agency represents the plaintiff without fee.
An early case (1876) Windsor v. McVeigh (93 U. S. 274, 277) placed the onus squarely where it belongs, in stating: ‘ ‘ Wherever one is assailed in his person or his property there he may defend.” In the case at bar, the poor person is the attacker rather than the one called upon to defend his person or property, and within limits of his ability should be made to provide a counsel fee for his wife to enable her to defend.
The court is mindful of the holding in Boddie v. Connecticut (401 U. S. 371) that an indigent party may not be denied effective and equal access to our courts (see, also, Jeffreys v. Jeffreys, 38 A D 2d 431, to the same effect) but does not feel in any sense that, a deprivation of access would be occasioned by an award of counsel fee to the wife under the circumstances of this case.
Having arrived at the conclusion that a counsel fee is justified, the plaintiff’s ability to do so was explored. From his earnings, tax returns and claimed expenses, the court finds that plaintiff, a New York City Transit porter, was paid $8,552.71 for 1971 before deductions. While he claims not to be the owner of an automobile, he takes credit for $55 in gasoline tax, which according to United States Internal Revenue Guide means at least 10,000 miles of travel. He also *18 takes a deduction of $378.55 for gasoline and oil consumed, an improper item if the auto is not used in a business, especially since he claims the vehicle is owned by a person named Yolanda Torressen. Serious doubts are created by these allegations of the plaintiff. Then too, what need has plaintiff for transportation which is provided fare free to transit employees of which he is one? Other items, such as $10 a week for entertainment; weekly haircuts and drugs $5; $2 weekly for medical [sic] (usually supplied to municipal employees); $5 weekly for clothing; $3 for dry cleaning and other expenses; total $137.25 as he claims against net weekly pay of $119.78. This leaves an $18 shortage each week. The court finds it difficult indeed to accept these figures especially since many of the items are subsidiary in priority to necessities of his wife, i.e., the fees of her attorney.
Section 237 of the Domestic Relations Law is quite explicit: “ (6) upon any application to annul or modify an order for counsel fees and expenses * * * the court may direct the husband * * * to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.” See Wood v. Wood (21 A D 2d 627, 630), which states: ‘1 Furthermore, the allowance of counsel fees in the prescribed cases is a discretionary determination rather than one which results from the final resolution of precise issues. The power conferred upon the court is to fix and allow ‘ such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties ’ (see Domestic Relations Law, § 237, subd. [a]).”
Based on the foregoing, and with the thought in mind that this is not a case of true indigency but one of misapplication of earnings, the court awarded a singularly small fee and left to the trial court whether more should be paid.
In the light of the allegations shown in the moving and opposing papers and keeping in mind the facts and factors involved, I am of the opinion that the award of $250 is to remain unchanged, none being warranted.
The court does not reach the question of plaintiff’s eligibility for legal services supplied by Brooklyn Legal Services Corp., in view of the outstanding order of this court dated November 11, 1971 assigning counsel without fee.
*19 Accordingly, the motion to vacate the oral decision rendered March 29, 1972 as to the award of $250 on account of counsel fees, with the balance being referred to the trial court, is denied and the original decision adhered to. The request that additional counsel fee be awarded the defendant wife for the preparation and argument in opposition to the motion to reargue, is likewise denied.