Louis B. Heller, J.
In this action for divorce defendant wife moves for counsel fees.
She asks for counsel fees and that no final judgment be entered before such fee, if awarded, is first paid. Her attorney (who also represented her in the Family Court and is familiar with the facts in this case) has neither received any money from the wife, who is on relief, nor does he expect to be paid by any person on her behalf other than plaintiff, her husband.
*750 Plaintiff objects that he is an indigent under CPLR 1101, having been permitted to bring this action as a poor person by court order. To compel him to first pay counsel fees before he can proceed to judgment, plaintiff complains, forecloses him from equal access to the courts in violation of his constitutional rights. He also objects that defendant fails to describe the legal services for which counsel fees are sought.
Two questions are presented: (1) May auxiliary costs such as counsel fees be assessed against an adjudicated poor person in a matrimonial action; and (2) Is the right of an indigent wife to counsel in an action brought by her husband, an adjudicated poor person, limited to counsel assigned by the court to serve' without fee?
While CPLR 1102 bars assessment of costs and fees against" a poor person, assessment of auxiliary costs such as counsel fees is not proscribed (Gutierrez v. Gutierrez, 70 Misc 2d 16).
An indigent wife in a matrimonial action has the right to private counsel of her own choosing and may apply to the court for an award of counsel fees to enable her to defend the action. That her husband is an adjudicated poor person and may be unable to pay the fees is of no consequence provided he is not thereby barred from access to the courts (Boddie v. Connecticut, 401 U. S. 371; Jeffreys v. Jeffreys, 38 A D 2d 431).
Section 237 qf the Domestic Relations Law aims to give the court flexibility in dealing with such vexatious collateral domestic problems as counsel fees and expenses. It prescribes (subd. [a]) that the court may direct the husband to pay such sum “ as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.”
Among the circumstances that may be considered are the merits of the wife’s defense and the husband’s income (Wood v. Wood, 21 A D 2d 627). There is no showing that the defense is with merit. While probability of success is not an absolute prerequisite to award of counsel fees, it is a circumstance that may be considered (Martin v. Martin, 28 A D 2d 897). The husband’s income and means are also circumstances to be considered in awarding counsel fees.
Considering the circumstances of the case and of the respective parties, defendant is awarded counsel fees of $100, such direction to be made in the final judgment, reserving for the trial court determination of the question whether she is entitled to a further award for counsel fees. It is within the court’s discretion to order that payment of such award shall be directed in the final judgment (Domestic Relations Law, § 237).
*751 Accordingly, defendant’s motion for counsel fee is granted to the extent indicated, reserving the issue of further counsel fees for determination by the trial court.