■ BARBARA T. MISSETT, Appellant, v JOSEPH V. MISSETT, Respondent.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered April 18, 1986, granting defendant's motion for summary judgment dismissing the complaint pursuant to CPLR 3211 (a) (7); (c), unanimously reversed, on the law, and the motion denied without costs or disbursements.

In this action to enforce a separation agreement, which was incorporated but not merged into a subsequent divorce decree,

entered December 13, 1976, defendant moved prior to service of an answer for summary judgment dismissing the complaint. The main thrust of the action is plaintiff's claim that, under the terms of the separation agreement, she was entitled to 40% of a $1,300,000 partnership distribution to defendant from Oppenheimer & Co., a partnership in which defendant was a general partner, upon the sale of stock of Oppenheimer & Co., Inc. to Mercantile House, USA, Inc. The action seeks other related relief, including imposition of a constructive trust upon defendant's interest in Odyssey Partners, the successor entity to Oppenheimer & Co., allegedly purchased with funds from the partnership distribution.

In dismissing the complaint, the court held that article 7 (e) of the separation agreement excluded the capital gain to defendant as a result of the sale and, from the papers submitted, found that defendant did not perform any services for Oppenheimer & Co. or the successor entity, Odyssey Partners. The significance of this finding is apparent from the terms of the agreement since, under the alimony provisions in article 7, plaintiff was to receive, *inter alia*, 40% of defendant's "income above $100,000.

While article 7 (d) defines "gross income" as income from every source, taxable or nontaxable, including net capital gains, article 7 (e) defines "income" as "all earned income, including but not limited to gross salary; bonus; fees; commissions; and partnership distributions from any partnership of which the Husband shall be a member and for which the Husband shall provide services". Defendant had claimed that the partnership distribution at issue here amounted to a capital gain, within "gross income" under article 7 (d) and, therefore, was excluded from the "income" category in article 7 (e). He also stated that he did not provide any services for Oppenheimer & Co., a claim supported by affidavits submitted by two other general partners.

On review of the entire record, we are in agreement that there are factual issues which cannot be summarily resolved. The separation agreement does not clearly and unambiguously provide that the terms "gross income" and "income" are mutually exclusive. While Special Term recognized that "income" could include the disputed partnership distribution, it decided that defendant did not perform any services. However, this was a question of fact, inappropriate for resolution within the issue-finding function of the court on a motion for summary judgment *(Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404)*. This is especially so in this case, where the

motion is made prior to answer, with no opportunity to conduct relevant disclosure as to facts exclusively within the knowledge and control of the defendant *(see, Terranova v Emil,* 20 NY2d 493, 497; *Republic Natl. Bank v Luis Winston, Inc.,* 107 AD2d 581; *Presentation Tech. Aids v Employers' Ins.,* 105 AD2d 628).

Plainly, on this record, it cannot be finally determined whether there were requisite services performed within the terms of article 7 (e) of the agreement. To the extent there is any ambiguity, the intention of the parties is a factual issue for trial. Defendant's extensive reliance upon extrinsic evidence affirmatively establishes his failure to make out a prima facie case of entitlement to judgment as a matter of law, thus requiring denial of summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853).

As repeatedly held, the remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue *(Moskowitz v Garlock,* 23 AD2d 943, 944), or where the issue is even arguable *(Barrett v Jacobs,* 255 NY 520, 522), since it serves to deprive a party of his day in court. Relief should be granted only where no genuine, triable issue of fact exists *(see, Werfel v Zivnostenska Banka,* 287 NY 91).

We have examined defendant's remaining contentions that there has been a release or waiver based upon (1) plaintiff's execution of a 1984 modification to the separation agreement and (2) settlement of an unrelated action dealing with educational expenses for private school tuition, and find the arguments to be lacking in merit. Concur—Sandler, J. P., Sullivan, Milonas and Kassal, JJ.