■ LADUP LTD., Respondent, v BEN JAMIL, Also Known as ALI GAMEL, Also Known as ELI GAMEL, Appellant.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered September 22, 1986, which granted plaintiff's motion for summary judgment in lieu of complaint, pursuant to CPLR 3213, and the judgment (same court), entered thereon October 22, 1986, unanimously reversed, on the law, without costs, the judgment vacated and the motion denied.

This motion for summary judgment in lieu of complaint was commenced to enforce a foreign judgment in the sum of 6045.55 English pounds in favor of plaintiff against Ali Gamel. That action had been instituted by plaintiff on July 20, 1979 in the High Court of Justice, Queens Bench Division, London, England, to recover on four checks, issued by Ali Gamel in plaintiff's casino in London on October 24, 1978. After demand made on defendant Jamil to pay, this action on such judgment was instituted, plaintiff contending that the British judgment was entitled to recognition and enforcement in New York under CPLR 5302 and 5303.

In opposing the motion, defendant denied that (1) he was the individual indebted to plaintiff, (2) he was or ever had been known as Ali Gamel or Eli Gamel, submitting for com-

parison his photograph and an article purportedly containing a picture of Ali Gamel, (3) the signature on the checks as his, and (4) he had ever been served with the summons and complaint in the British action.

Special Term granted summary judgment to plaintiff, relying upon the absence of any statement by Jamil that he was not in England at the time the debt was incurred and his failure to submit his passport, which would reflect his whereabouts at that time. The photographs were found not to be conclusive since the person in the picture was not positively identified as Ali Gamel.

In our view, on this record, especially bearing in mind the issue-finding function of the court, there are factual issues which preclude summary judgment relief, *inter alia,* whether Ben Jamil is the Ali Gamel against whom the British judgment was obtained. The supporting papers, consisting solely of an attorney's affidavit, who is without requisite personal knowledge of the facts, are insufficient to establish that defendant Ben Jamil was ever known as Ali or Eli Gamel, or that he is the person who issued the checks, incurred the debt and against whom the judgment was entered. Nor is there any proof to demonstrate that defendant was served with process in the British action. On this record, his denial, in the absence of countervailing proof, raises an additional factual issue relating to the personal jurisdiction of the British court, which, in view of the challenge thereto, must be established before recognition and effect may be given to the foreign judgment under CPLR 5304 and 5305.

Contrary to plaintiff's contention, the denials in defendant's opposing affidavit amount to sufficient evidentiary proof to be considered by the court on such a motion. In any event, notwithstanding any alleged deficiency in the opposing papers, plaintiff failed to make out a prima facie case of entitlement to enforcement and recognition of the foreign judgment against this defendant as a matter of law, thus requiring denial of summary judgment relief *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *Missett v Missett,* 125 AD2d 275). Concur—Kupferman, J. P., Sandler, Sullivan, Kassal and Smith, JJ.