■ ARNOLD PROSS, Appellant and Counterclaim Defendant, v

JADAM EQUITIES, LTD., et al., Respondents, and ADAM KATZ et al., Respondents and Counterclaimants.—Order and judgment (one paper), Supreme Court, New York County (Burton Sherman, J.), entered July 25, 1986, which, *inter alia,* granted defendants' motion for summary judgment, dismissing the complaint and declaring that plaintiff is not a limited or general partner in Broadmoor Associates and has no partnership interest therein, unanimously reversed, on the law, the declaratory judgment and order vacated, the motion denied, the complaint reinstated and the matter remanded to the Supreme Court for further proceedings as to discovery, without costs or disbursements. The appeal from the order (same court) entered June 11, 1987, denominated a motion to renew, actually one for reargument, is dismissed as nonappealable, also without costs or disbursements.

On this record, it clearly appears that there are several factual issues, which cannot be resolved on a motion for summary judgment, relating to whether plaintiff retained a partnership interest in Broadmoor Associates. In substance, defendants claimed that plaintiff had sold his entire 25% partnership interest and, in return, received Adam Katz' personal check for $20,000, issued October 26, 1981, marked "Purchase of Broadmoor shares", and a $200,000 promissory note, dated January 3, 1982, payable in August 1983, with 8% interest. However, both the check and the promissory note were endorsed by plaintiff to Broadmoor and the funds deposited in the partnership's bank account, which acts are inconsistent with the claim of a sale of plaintiff's entire partnership interest. While this transfer is alleged to have occurred in 1981, the first two amendments to the limited partnership certificate, both dated December 15, 1983, two years later, list plaintiff as retaining a 25% interest, consisting of 24% as a limited partner and 1% as a general partner.

Although plaintiff was not truthful in his claims made on the motion, contending that he "never received any consideration whatsoever * * * for all or any portion of my interest in Broadmoor", he now claims that the 1981 transaction effected a transfer of only 15% of his interest and that he thereafter retained a 10% partnership share. The 1982 limited partnership tax return indicates a reduction in plaintiff's interest from 25% to 10% and, while plaintiff's personal income tax return for 1982 reports a capital gain on schedule D from the sale of his share in the partnership, the return on schedule E also declares a loss from the partnership corresponding to the 10% interest as reflected in the schedule K-1, annexed to the

limited partnership return. Also included in the record are plaintiff's 1983 and 1984 income tax returns, wherein he continued to claim a partnership interest, albeit those returns were filed after this dispute developed and specifically referred to the existence of the dispute.

Further, while the record includes a third amendment to the limited partnership certificate, dated January 15, 1984, which states for the first time that plaintiff had withdrawn from the partnership, sufficient is shown to raise a factual issue as to the genuineness of the signatures and the authenticity of the document in view of plaintiff's assertion that there was a fraudulent and material alteration. The document, on its face, also raises questions as to the regularity of its execution and, while defendants do offer an explanation, this and the other factual matters cannot be finally resolved on a motion for summary judgment and must await trial.

Clearly, the documentary proof in the record reflects conflicting factual claims and counterclaims which preclude summary determination. The extrinsic evidence offered on the motion does not make out a prima facie case as a matter of law for summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Ladup Ltd. v Jamil, 131 AD2d 382; Missett v Missett, 125 AD2d 275, 277).

This is especially so bearing in mind the limited issue-finding function of the court on a motion for summary judgment (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). In concluding otherwise, it is evident that the IAS Justice improperly resolved genuine issues of fact. Summary judgment is a drastic remedy, which should not be granted where there is any doubt as to the existence of a triable issue (Moskowitz v Garlock, 23 AD2d 943, 944) or where the issue is even arguable (Barrett v Jacobs, 255 NY 520, 522), since it deprives a party of his day in court. Concur—Sandler, J. P., Ross, Kassal and Ellerin, JJ.