■ FORDHAM UNIVERSITY, Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant.—Order, Supreme Court, New York County (Myriam Altman, J.), dated March 10, 1988 and entered March 16, 1988, which denied defendant-appellant's motion for summary judgment dismissing the complaint, and alternative motion to strike plaintiff-respondent's jury demand and for other relief, unanimously modified, on the law, to the extent of granting the motion to strike the jury demand, and otherwise affirmed, without costs.

We are in agreement with Special Term that there exist several triable issues of fact attending the claim by plaintiff-respondent Fordham University (plaintiff) that defendant-appellant, Manufacturers Hanover Trust Company (the bank), is liable for the sum of $108,414 debited to plaintiff's checking account upon the bank's payment of eight forged checks. Among the issues to be determined at trial are whether the bank exercised ordinary care in honoring the checks, which bore handwritten signatures rather than plaintiff's usual machine-produced signature, and which were for exceptionally large amounts; and whether plaintiff's June 1984 notification

of the forgeries was sufficient and timely. As held by Special Term, resolution of these and other factual issues precludes the grant of summary judgment. *(Pross v Jadam Equities,* 134 AD2d 154, 156.)

With respect to the bank's motion to strike plaintiff's jury demand, plaintiff filed signature cards and executed a certificate and security agreement with the bank, each of which documents contained provisions waiving a jury trial. Such waivers are valid and enforceable, unless adequate basis to deny enforcement is set forth by the challenging party. *(Armstrong Co. v Nechamkin,* 55 AD2d 520.) Here, plaintiff merely contends that the bank abandoned its contractual jury waiver rights by not asserting them in its motion to strike the note of issue on grounds of incomplete discovery. Plaintiff has failed to show that the bank has been deliberately dilatory, or that it has been prejudiced by any delay in the bank's first moving to strike the note of issue for incomplete discovery. This motion was well grounded, and the motion to strike the jury demand was made within a reasonable time after the completion of depositions. Unlike cases cited by plaintiff, these are not circumstances in which a matter was permitted to remain on a jury Trial Calendar awaiting assignment, only to have jury waiver asserted as the time for trial drew near. *(See, e.g., Arkin v Sig Heller Co.,* 197 Misc 1084.)

Accordingly, the order appealed from is modified to the extent of granting defendant-appellant's motion to strike the jury demand, and otherwise affirmed. Concur—Kassal, J. P., Rosenberger, Ellerin and Wallach, JJ.