■ Marion Sakow, Appellant, v 633 Seafood Restaurant, Inc., et al., Respondents, et al., Defendants. [808 NYS2d 192]—

Order, Supreme Court, New York County (Richard B. Lowe III, J.), entered March 8, 2005, granting the motion of defendants 633 Seafood Restaurant, Inc. (633), 2427-2429 Seafood Restaurant Corp., Barry Corwin and Howard Levine for summary judgment, and dismissing the complaint as against all defendants, unanimously affirmed, without costs.

Plaintiff, in this derivative action commenced in 1997, alleges that the individual defendants at a corporate board meeting held in 1989 voted to compensate themselves excessively for services purportedly rendered on 633's behalf. Inasmuch as plaintiff, who attended the 1989 board meeting, inexplicably waited some eight years to commence this litigation, and defendants would be prejudiced if they were at this late date required to account for or return the compensation they

received without objection during the lengthy period over which the propriety of the 1989 board compensation determination went unchallenged (*cf. Reynolds v Snow,* 10 AD2d 101, 111 [1960], *affd* 8 NY2d 899 [1960]), the action was properly dismissed as barred by laches. Plaintiff's contention that the motion court granted relief on the basis of an argument which she never had the opportunity to address is unfounded, since the record reflects that defendants did indeed assert in their moving papers that laches was one of the equitable principles warranting dismissal of the action. Nor is there merit to plaintiff's assertion that her action is one at law to which laches is not a proper defense. Plaintiff's claims, brought in her capacity as a 633 shareholder, are derivative and therefore equitable in nature (*see Koral v Savory, Inc.,* 276 NY 215, 218 [1937]; *Potter v Walker,* 276 NY 15, 25-26 [1937]).

We have considered plaintiff's remaining arguments, including those challenging the dismissal of her claims to recoup, on 633's behalf, legal fees paid by the corporation in defending itself and its principals against various actions brought by plaintiff, the earliest of which dates from 1990, and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Gonzalez and Sweeny, JJ.