Order, Supreme Court, New York County (Bernard J. Fried, J.), entered October 14, 2011, which, to the extent appealed from as limited by the briefs, granted defendant-counterclaim plaintiff summary judgment as to liability on its counterclaims for breach of contract and conversion, limited damages for breach of contract and conversion to revenue generated from August 2008 to the present, and ordered an immediate damages trial before the special referee on the first and sixth counterclaims and severed the remainder of the action, unanimously modified, on the law and the facts, to direct the special referee to calculate damages for breach of contract and conversion from January 2005, and otherwise affirmed, without costs. Appeal and cross appeal from order, same court and Justice, entered July 5, 2012, unanimously dismissed, without costs, as academic.
The court properly found that the defendant-counterclaim *595 plaintiff Raymond V. Duffy, individually and in a derivative capacity on behalf of Horizon Asset Management Services, LLC, who asserted nine counterclaims, including breach of contract, conversion, accounting, and reformation, waived his right to a jury trial by joining legal and equitable claims (Willis Re Inc. v Hudson, 29 AD3d 489, 489-490 [1st Dept 2006]; Zimmer-Masiello, Inc. v Zimmer, Inc., 164 AD2d 845, 846-847 [1st Dept 1990]). We reject Duffy’s argument that his counterclaims for books and records, accounting, declaratory judgment, and reformation are only “incidental” equitable claims that does not preclude him from demanding a jury trial (see Trepuk v Frank, 104 AD2d 780, 781 [1st Dept 1984]). In any event, contrary to Duffy’s contention, the counterclaims for breach of contract and conversion, which he asserted derivatively, are not legal claims, since derivative actions have long been recognized in New York as equitable proceedings (see Sakow v 633 Seafood Rest., Inc., 25 AD3d 418, 419 [1st Dept 2006], lv denied 7 NY3d 701 [2006]).
We find that the court did not abuse its discretion under CPLR 3212 (c) by ordering an immediate damages trial on the breach of contract and conversion counterclaims, since the record demonstrates that Duffy acquiesced to an immediate trial.
Duffy’s claim that the court improperly severed the remaining counterclaims from the breach of contract and conversion counterclaims, for which he was granted summary judgment on the issue of liability, reflects his apparent misunderstanding of the court’s order. The court merely severed the surviving counterclaims from those that were dismissed, and ordered that the surviving claims should continue.
However, the Supreme Court erred in directing the special referee to calculate Duffy’s damages on his contract claim from September 2007, rather than January 2005, since there is no evidence that he had been paid all of the compensation due him from this date forward. We note that counterclaim defendant Murray Stahl, plaintiff Horizon Asset Management, LLC’s (Horizon) CEO and majority shareholder, testified at his deposition that, although Horizon had relieved Duffy of all job responsibilities, he actually remained on the employee roster until any “arrearages” could be made up because he “might have been owed some money.”
To the extent that plaintiffs-counterclaim-defendants argue that the minutes of the annual meetings constituted a waiver by Duffy of the more than $7.8 million of arrearages reflected in the reconciliations, we decline to consider this argument, raised for the first time on appeal (see Juvenex Ltd. v Burlington Ins. Co., 63 AD3d 554 [1st Dept 2009]). We also find that the court *596 properly granted Duffy’s motion for summary judgment on the issue of liability on his conversion claim, finding that 1100 customer accounts were brought into Horizon by Duffy on behalf of Horizon Asset Management Services, and Duffy was entitled to 50% of the revenues from these accounts under the parties’ operating agreement.
We have considered the parties’ remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz and Feinman, JJ.