■ David Moyal, Derivatively on Behalf of Group IX, Inc., Respondent-Appellant, v Stu Sleppin et al., Appellants-Respondents. [33 NYS3d 27]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 5, 2015, which denied defendants' motion to strike plaintiff's demand for a jury trial and for their equitable defenses to be tried by the court, and denied plaintiff's cross motion seeking recusal of Justice Bransten, unanimously modified, on the law, defendants' motion granted in its entirety, and otherwise affirmed, without costs.

Supreme Court erred in finding that plaintiff in this shareholders' derivative action was entitled to a jury trial, since the claims brought in his capacity as a shareholder were "derivative and therefore equitable in nature" (*Sakow v 633 Seafood Rest., Inc.* 25 AD3d 418, 419 [1st Dept 2006], *lv denied* 7 NY3d 701 [2006]; *Horizon Asset Mgt., LLC v Duffy*, 106 AD3d 594, 595 [1st Dept 2013]). Contrary to plaintiff's contention, the motion was not untimely, since a motion to strike a demand for a jury trial may be made at anytime up to the opening of trial (*A. J. Fritschy v Chase Manhattan Bank*, 36 AD2d 600, 600 [1st Dept 1971]), and we find no prejudice in defendants'

delay of a few months, following the restoration of the case to the calendar, in making their motion.

Although we need not reach the issue in light of our conclusion, we note, in any event, that pursuant to CPLR 4101, defendants' equitable defenses of estoppel, laches and unclean hands should be tried by the court (*see Cadwalader Wickersham & Taft v Spinale*, 177 AD2d 315 [1st Dept 1991]).

None of the Justice's comments cited by plaintiff warrant recusal (*see Hass & Gottlieb v Sook Hi Lee*, 55 AD3d 433, 434 [1st Dept 2008]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Acosta, Gische and Webber, JJ.