875 Riv. View Realty LLC v Marzullo

2026 NY Slip Op 50529(U)

April 15, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Summary Proceedings—Jury Demand

875 River View Realty LLC, Petitioner-Respondent,

v

Joanna Rose Marzullo, Respondent-Appellant.

Supreme Court, Appellate Term, First Department

Decided on April 15, 2026

570782/25

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Respondent Joanna Rose Marzullo appeals from an order of the Civil Court of the City of New York, New York County (Allison R. Greenfield, J.), entered October 6, 2025, which granted petitioner's motion to strike her jury demand in a holdover summary proceeding.

[*1]

Per Curiam.

Order (Allison R. Greenfield, J.), entered October 6, 2025, affirmed, without costs.

Petitioner's motion to strike respondent Marzullo's jury demand was properly granted, since her parent's original lease, to which respondent sought succession rights, contained both an enforceable jury waiver provision (see P & J Hous. Partners, LLC v Alvarado, 34 Misc 3d 130[A], 2011 NY Slip Op 52310[U] [App Term, 1st Dept 2011]; Alden Raleigh Estates v King, 2003 NY Slip Op 51160[U][App Term, 2d & 11th Jud Dists 2003]; Fairfax Mgt. Corp. v Taveras, 2001 NY Slip Op 40478[U] [App Term, 1st Dept 2001]), and a provision which stated that the original lease shall bind the landlord, its successors and assigns, and the tenant and the heir and personal representatives of the tenant (see 245 Realty Assoc. v Sussis, 243 AD2d 29, 33 [1998]).

Contrary to respondent's contentions, petitioner's motion to strike her jury demand was not untimely (see Moyal v Sleppin, 139 AD3d 605 [2016]). Nor has respondent shown that she was prejudiced by petitioner's delay in moving to strike the demand (see Fordham Univ. v Manufacturers Hanover Trust Co., 145 AD2d 332 [1988]; A.J. Fritschy v Chase Manhattan Bank, 36 AD2d 600 [1971]).

Respondent's remaining contentions are either improperly raised for the first time on appeal or without merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 15, 2026