James Thomas Realty, LLC v Cheliotes

2026 NY Slip Op 03362

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

James Thomas Realty, LLC, etc., Plaintiff-Appellant,

v

Arthur Cheliotes, etc., et al., Defendants-Respondents, New York Mercantile Exchange Condominium Association, etc., Defendant.

Decided and Entered: May 28, 2026

Index No. 651836/16|Appeal No. 6751|Case No. 2025-06348|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

O'Hare Parnagian LLP, New York (Robert A. O'Hare Jr., of counsel), for appellant.

Litchfield Cavo LLP, New York (Joseph Dimitrov of counsel), for Arthur Cheliotes, Leslie Kearns, Alison Ledden, Damien Arnold and Luan Browne, respondents.

Spivak Lipton LLP, New York (Gillian Costello of counsel), for Communications Workers of America Local 1180 Retirees Security Benefits Trust and Communications Workers of America Local 1180 Security Benefits Trust, respondents.

[*1]

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered September 9, 2025, which granted defendants' motion to strike plaintiff's demand for a jury trial, unanimously affirmed, without costs.

Supreme Court properly granted defendants' motion to strike plaintiff's demand for a jury trial. CPLR 4101(1) provides the right to a jury trial in actions for legal relief "in which a party demands and sets forth facts which would permit a judgment for a sum of money only." It is well settled that a party is not entitled to a jury trial where its action is primarily equitable in nature (see Centrifugal Assoc. v Highland Metal Indus., 224 AD2d 254, 254 [1st Dept 1996]). To determine whether a party is entitled to a jury trial, courts ask whether, "when viewed in its entirety, the primary character of the case is legal or equitable" (Cadwalader Wickersham & Taft v Spinale, 177 AD2d 315, 316 [1st Dept 1991]).

Here, Supreme Court correctly determined that this is an action in which a party demands and sets forth facts which would permit a judgment for a sum of money only. Plaintiff seeks money damages on behalf of the condominium association in the amount that defendants allegedly caused the association to pay in excess of the amount it actually owed on a loan given by one of the fund defendants. Moreover, plaintiff's claim for an accounting is merely a method to determine the amount of the monetary damages (see Cadwalader, Wickersham & Taft, 117 AD2d at 316)and therefore incidental to its claims sounding in law for money damages (see Seymour v Hovnanian, 211 AD3d 549, 557 [1st Dept 2022]). However, because the claims brought by plaintiff in its capacity as a shareholder are derivative, the primary character of the case is equitable in nature and plaintiff is not entitled to a jury trial (see Moyal v Sleppin, 139 AD3d 605, 605 [1st Dept 2016]; Horizon Asset Mgt., LLC v Duffy, 106 AD3d 594, 595 [1st Dept 2013]).

[*2]

Plaintiff argues that our court should follow the Supreme Court's decision in Ross v Bernhard (396 US 531 [1970]), which held that a plaintiff in a derivative action which seeks money damages is entitled to a jury trial under the Seventh Amendment (US Const, 7th Amend). Ross's holding is not binding on us because "[t]he contours of the federal guarantee differ from the protections afforded the right to a jury trial in civil cases in this State, and the Seventh Amendment is not applicable to cases tried in state courts" (Marko v Korf, 166 AD3d 545, 546 [1st Dept 2018] [internal citation omitted]; see also McDonald v Chicago, 561 US 742, 765 n 13 [2010]; Ball v State Dept. of Health (__ AD3d __, 2026 NY Slip Op 02494 [3rd Dept 2026]). To the extent that our decisions in Rocha Toussier y Asociados v Rodrigo Rocha Rivero (201 AD2d 282 [1st Dept 1994]) and Abrams v Rogers (195 AD2d 349 [1st Dept 1993]) reached a different conclusion (see Abrams, 1992 WL 12664210 at *2 [Sup Ct, NY County 1992], citing Ross, 396 US at 534) they predate our decision in Marko.

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026